UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    NO. CIV. S-07-236 LKK/DAD

  Plaintiff, and

JOHN KELLY and LAUREN KELLY,

  Intervenign Plaintiffs,

 v.

    O R D E R

SUNBEAM PRODUCTS, INC.;
JARDEN CORPORATION;
WALGREEN CO., and
DOES 1 through 100, inclusive,

  Defendants.
_____/

  This is a products liability action, in which plaintiff insurance company sues defendants, a retailer and manufacturers, for subrogation of damages resulting from from a fire. Insureds John and Lauren Kelly were permitted to intervene. Plaintiff-intervenor John Kelly has since died, and plaintiff-intervenor Lauren Kelly files a motion to substitute for him as the real party in interest, pursuant to Federal Rule of Civil Procedure 25(a)(1). This motion is accompanied by the required timely

1

statement noting the death.

Defendants have filed a statement of non-opposition, conditioned on one clarification. Plaintiff-intervenor cites, in addition to the F.R.C.P., two provisions of the California Code of Civil Procedure: C.C.P. §§ 377.20 and 377.60. Defendants take no issue with section 377.20, which states that "a cause of action for or against a person is not lost by reason of the person's death." But defendants do object to the reference to section 377.60, which describes who may assert a wrongful death action, on the ground that "in this action, there has never been any claim alleged for wrongful death."

Absent any other motion to amend, this court construes the reference to section 377.60 as merely offered to provide additional support for plaintiff-intervenor Lauren Kelly's ability to pursue the intervenors' already-alleged negligence and products liability claims for personal injuries suffered by decedent John Kelly. Plaintiff-Intervenor's Compl. ¶¶ 10, 15. The court notes that plaintiff has not provided information as to the cause of decedent's death, or alleged in any way that the death was caused by or related to the events underlying this case.

Having found that the requirements of F.R.C.P. 25(a)(1) are met, the court GRANTS plaintiff's motion to substitute parties.

IT IS SO ORDERED.

DATED: September 26, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2